IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLEN THOMPKINS,** | : | **CIVIL ACTION** |
| Petitioner, | : | |
| | : | |
| v. | : | No. 14-5920 |
| | : | |
| **TERVOR WINGARD, et al.,** | : | |
| Respondents. | : | |
| | : | |

### ORDER

**AND NOW**, this 14th day of October, 2015, upon consideration of the petition for a writ of habeas corpus (Doc. No. 1), review of the Report and Recommendation of United States Magistrate Carol Sandra Moore Wells (Doc. No. 15), "Petitioner's Objection to Magistrate Report and Recommendation in Dismissing and Denying Petitioner's Claims Without an Evidentiary Hearing" (Doc. No. 22), it is hereby **ORDERED** that:

1. Petitioner's Objections to the Report and Recommendation are **OVERRULED**.[1]

---

[1] After Petitioner filed a memorandum of law in support of his habeas petition, the government requested permission to file a sur-reply (Doc. No. 13). The government's request is **GRANTED**. Magistrate Wells considered the government's sur-reply, (see Report and Recommendation p. 4) and I also reviewed the arguments contained therein.

Petitioner objects to the Report and Recommendation on four grounds. First, Petitioner disagrees with Magistrate Wells' conclusion that his prosecutorial misconduct claim lacked merit under the standards set forth in Parker v. Matthews, 132 S. Ct. 2148 (2012) and Darden v. Wainwright, 477 U.S. 168 (1986). In particular, Petitioner argues, without explanation, that Darden and Matthews do not apply to his case. However, these standards govern Petitioner's claim and Magistrate Wells correctly applied this precedent in concluding that Petitioner's claim lacked merit.

Second, Petitioner disagrees with Magistrate Wells' conclusion that his ineffective assistance of trial counsel claim lacked merit. Petitioner essentially restates his claim and offers no basis for rejecting the sound reasoning in Magistrate Wells' analysis.

Petitioner also alleged that the trial court violated his due process rights when it allowed the victim's family to display photographs of the victim during trial. Petitioner objects to Magistrate Well's finding that this claim is procedurally defaulted. Magistrate Wells concluded that

1

2. The Report and Recommendation is **APPROVED** and **ADOPTED**.

3. The petition for a writ of habeas corpus is **DISMISSED** without prejudice.

4. There is no probable cause to issue a certificate of appealability.

5. The Clerk of Court shall mark this case **CLOSED** for statistical purposes.

**BY THE COURT:**

/s/ Mitchell S. Goldberg

_____

**MITCHELL S. GOLDBERG, J.**

---

"Petitioner has adduced no cause and prejudice evidence to excuse the default; he, also, has not provided any new, reliable evidence of his innocence." (Report and Recommendation p. 10.) Petitioner likewise fails to offer any such evidence in his Objections.

Lastly, Petitioner objects to Magistrate Wells' finding that his claim that the trial court violated due process when it questioned witnesses is time barred. Petitioner contends that he should be granted equitable tolling because he is "pro se with limited knowledge of the Fed. R. Civ. P." However, Petitioner's pro se status alone does not justify equitable tolling. See Ross v. Varano, 712 F.3d 784, 799-800 (3d Cir. 2013) ("the fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling.")